UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12-CR-016-SDJ |
| | § | |
| MANUEL MICHAEL CAMACHO | § | |
| (15) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Manuel Michael Camacho's Motion for Immediate Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). (Dkt. #1487). The Government responded in opposition. (Dkt. #1494). The Court, having considered the parties' filings, the record, and the applicable law, **DENIES** the motion.

### I. BACKGROUND

Camacho is currently serving a 146-month term of imprisonment for conspiracy to possess with the intent to manufacture and distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846.[1] At the time Camacho filed the instant motion, he had served approximately 86% of his sentence. Citing his rehabilitation in prison and low risk of recidivism, and relying on 18 U.S.C. § 3582(c)(1)(A), Camacho requests that the Court reduce his sentence to time served and order him released from prison. Specifically, Camacho contends that he: (1) is a non-violent offender; (2) has served a large portion of his sentence; (3) has gainful employment upon release; (4) has a place to live upon release; (5) has completed

---

[1] The Court originally sentenced Camacho to 180 months' imprisonment. (Dkt. #1033). In 2016, the Court reduced Camacho's sentence to 146 months. (Dkt. #1299).

1

rehabilitative programs; (6) satisfied his Financial Responsibility Plan; (7) is a medium-security prisoner "stuck in a penitentiary because of the nationwide Covid lockdown"; (8) is willing to be placed on ankle monitoring; (9) poses a low risk of recidivism; (10) is "remorseful and contrite" and has matured in prison; (11) is forty-eight years old; (12) does not have physical or mental defects and will have medical insurance; (13) does not have any detainers or warrants; and (14) submitted letters of support. (Dkt. #1487 at 11–13).

Camacho allegedly submitted a request for compassionate release to his warden on April 16, 2021. Camacho did not include a copy of the request with his motion; however, the Government concedes that Camacho satisfied the exhaustion requirement. According to the Government, Camacho requested that the warden grant him compassionate release due to COVID-19 and his post-sentence rehabilitation. (Dkt. #1494 at 2). The warden "construed his request as one challenging the length [of] his sentence and issued a denial." (Dkt. #1494 at 2).

Following the warden's denial, Camacho filed the instant motion in this Court, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Camacho argues that his post-sentence rehabilitation and low risk of recidivism present extraordinary and compelling reasons warranting a reduction in his sentence.

## II. DISCUSSION

### A. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683,

177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define "extraordinary and compelling reasons" and promulgated U.S.S.G. § 1B1.13. In application note 1 to Section 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of Section 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission

essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant; (3) issues arising from the defendant's family circumstances; and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.*

In the context of prisoner-filed compassionate-release motions, the Fifth Circuit has held that U.S.S.G. § 1B1.13 is inapplicable. *Shkambi*, 993 F.3d at 392.[2] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a Section 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a Section 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the Bureau of Prisons. But it does not govern here—on the newly authorized motion of a prisoner." (quotation omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under Section 3582(c)(1)(A)(i).

Though the Court is not bound by the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is

---

[2] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g.*, *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all Section 3582(c)(1)(A) motions).

not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitute "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g.*, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). The "extraordinary and compelling reasons" applicable to defendant-filed motions are those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes.

## B. Camacho's Motion

### i. Exhaustion

As an initial matter, the Court may consider Camacho's compassionate-release motion only if he first meets Section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless a motion for such a modification is made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). It is undisputed that Camacho has met the exhaustion requirement. Camacho requested compassionate

release from the warden of his facility on the grounds asserted before this Court, and the warden denied his request. *See* (Dkt. #1494 at 2); *see also* 28 C.F.R. § 571.61(a) (providing that a prisoner's Section 3582(c)(1)(A) request for compassionate release must be submitted to the warden of his or her facility).

### ii. "Extraordinary and compelling reasons" warranting release

Although Camacho satisfied the threshold exhaustion requirement, his motion must be denied because he has failed to present "extraordinary and compelling reasons" within the meaning of Section 3582(c)(1)(A)(i). Camacho argues that his post-sentencing rehabilitation and low risk of recidivism constitute extraordinary and compelling reasons warranting his release.

Camacho suggests that his circumstances fall within the fourth category of "extraordinary and compelling reasons" identified by the Sentencing Commission—an extraordinary and compelling reason other than medical condition, age, or family circumstances. Camacho provides a list of facts that allegedly support his rehabilitation, including that he has secured gainful employment, has completed rehabilitative programs, and is a low recidivism risk. Camacho also provided letters of support that advocate for his release. All but one of the facts identified by Camacho support a single argument—that he should be released from prison because he has been rehabilitated and is unlikely to reoffend.[3] Although Camacho's rehabilitation is

---

[3] The only non-rehabilitation-related point Camacho makes is that he "is a medium security prisoner that is stuck in a penitentiary" due to COVID-19 protocols. (Dkt. #1487 at 12). The Court finds that this bare assertion of a restriction that presumably applies to all medium-security prisoners during the COVID-19 pandemic does not rise to the level of an extraordinary and compelling reason justifying his release.

6

laudable, he fails to establish an extraordinary and compelling reason to reduce his sentence.

The Court may consider post-sentencing rehabilitation efforts in ruling on a compassionate-release motion, but "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also United States v. Hudec*, No. 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone."); *United States v. Dotrey*, No. 2:13-CR-04, 2021 WL 4191454, at *8 (E.D. Tex. Sept. 15, 2021) (denying motion for compassionate release where defendant argued that his offense was non-violent, he had been rehabilitated, and he was rated by the BOP as an individual with a low risk of recidivism). Therefore, Camacho must present some other justification for release. But Camacho's motion does not identify either any specific, significant hardship that he presently faces or any other circumstance that might constitute an extraordinary and compelling reason similar in kind to those enumerated by the Sentencing Commission.

Even if rehabilitation alone was sufficient, the Government presented evidence that Camacho has been disciplined five times since his sentencing. He was first disciplined in 2016 for tattooing or self-mutilation. (Dkt. #1494-1 at 3). Has was disciplined twice in 2017, once for possessing a hazardous tool and once for refusing a work assignment. (Dkt. #1494-1 at 2). He was disciplined twice in 2018, both times

7

for refusing a work assignment. (Dkt. #1494-1 at 2). At the hearing on the second incident, Camacho stated, "I can't walk this yard, I am an ex-Mexican Mafia member." (Dkt. #1494-1 at 2). Camacho's behavior while incarcerated casts doubt on the notion that he has been fully rehabilitated and further supports the conclusion that his alleged rehabilitation alone is insufficient to justify release. Thus, although Camacho lists a number of commendable achievements and promising future plans, he has not presented sufficiently extraordinary or compelling reasons to merit compassionate release. *See United States v. Hignight*, No. 4:14-CR-129, 2021 WL 5299249, at *6 (E.D. Tex. Nov. 12, 2021) (collecting cases denying compassionate release under similar circumstances).

Thus, in exercising its discretion, the Court concludes that Camacho has failed to present an "extraordinary and compelling reason" within the meaning of Section 3582(c)(1)(A)(i) to modify his prison sentence. Because Section 3582(c)(1)(a)(i) authorizes sentence reductions only for "extraordinary and compelling reasons" within the meaning of the statute, Camacho's motion must be denied.

### iii. Section 3553(a) factors

Even if Camacho could establish that "extraordinary and compelling reasons" warrant his release, his motion for compassionate release would still fail because the sentencing factors under 18 U.S.C. § 3553(a) weigh against him. Camacho has failed to show how releasing him before he serves the full term of his sentence would align with the statutory sentencing factors—notably Camacho's history, the seriousness of his offense, the need to promote respect for the law, the need to provide just

punishment for the offense, and the need to deter others from similar criminality. 18 U.S.C. § 3553(a).

While the Court commends Camacho for completing numerous programs while incarcerated, he continues to present a danger to the community based on the totality of the circumstances. Camacho pleaded guilty to participating in a drug-trafficking conspiracy involving large amounts of methamphetamine originating in Mexico. (Dkt. #758 ¶¶ 11, 17). And Camacho has a lengthy criminal history, beginning at age seventeen, that includes robbery, theft of property, evading arrest, and attempted theft. (Dkt. #758 ¶¶ 28–37). Camacho fails to show how his release reflects the seriousness of his offense, promotes respect for the law, and provides just punishment. Considering all the relevant factors, the Court concludes that the sentence originally imposed remains sufficient, but not greater than necessary, to comply with the purposes of Section 3553(a). Camacho's motion is therefore also denied on this basis.[4]

---

[4] To the extent Camacho requests, in the alternative, that the Court order him released to home confinement, such request must also be denied. The BOP has exclusive authority to determine where a prisoner is housed; thus, the Court is without authority to order home confinement. 18 U.S.C. § 3621(b); *see also United States v. Groover*, 844 F.App'x 185, 188 (11th Cir. 2021) (per curiam) ("Neither § 3624(c)(2) nor the CARES Act . . . give the judiciary any authority to grant an inmate's request for home confinement."); *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement."); *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, No. 3:19-CV-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) ("The Attorney General—and by delegation the BOP—has the exclusive authority and discretion to designate the place of an inmate's confinement." (citing *Moore v. U.S. Att'y. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971) (per curiam))).

### III. Conclusion

For all the reasons the Court has given, Defendant Manuel Michael Camacho's Motion for Immediate Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), (Dkt. #1487), is **DENIED**.

**So ORDERED and SIGNED this 10th day of May, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE